IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MAY PRODUCE CO., INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1383-L** |
| | § | |
| **EAST WEST IMPORTS, INC. d/b/a MAY HUA SUPERMARKET, et al.,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Request for Entry of Default Judgment Against Defendants, filed November 30, 2009. Having considered the motion, along with the declarations, evidence, and the clerk's entry of default, the court **grants in part** and **denies in part** Plaintiff's Request for Entry of Default Judgment Against Defendants.

## I. Background

Plaintiff May Produce Co., Inc. ("Plaintiff" or "May Produce") seeks default judgment against Defendants East West Imports, Inc. d/b/a May Hua Supermarket ("EWII"), May Hua Supermarket, Inc. d/b/a May Hua Supermarket ("MHSI"), May Hua Foods LLC ("MHFL"), Interurban Investments, Inc. ("III"), Nancy Chao ("Chao"), Johnnie J. Joe ("Joe"), and Peter Diep ("Diep") (collectively, "Defendants") as to the relief requested in its July 24, 2009 Complaint. Specifically, Plaintiff brought claims of breach of contract against EWII and MHSI; enforcement of statutory trust provisions of the Perishable Agricultural Commodities Act, 17 U.S.C. § 499e, against all Defendants; failure to account and pay promptly against EWII and MHSI; conversion

against all Defendants; and fraudulent transfer against Chao, Joe, and Diep. Plaintiff also seeks declaratory relief.

On September 28, 2009, Plaintiff filed a request for entry of default as to each Defendant, and the clerk entered default against each Defendant on September 28, 2009. Plaintiff now seeks entry of default judgment against each Defendant, the principal balance due of $31,285.01, prejudgment interest of $1,299.05, attorney's fees of $1,675, $370.84 in costs, and postjudgment interest at the rate of 6% per annum until the judgment is fully paid.

## II. Analysis

The court finds that because no Defendant filed an answer to Plaintiff's Complaint or otherwise entered an appearance in this lawsuit, and because no Defendant is an infant, incompetent, or in the military, Plaintiff is entitled to judgment against Defendants. The court therefore accepts as true the facts stated by Plaintiff in its Complaint, Plaintiff's Request for Entry of Default Judgment Against Defendants, and the declarations submitted by Plaintiff. These establish Defendants' liability to Plaintiff.

### A. Principal and Prejudgment Interest

Plaintiff seeks the principal balance due of $31,285.01, and prejudgment interest at the rate of 6% per annum. If the amount of the judgment can be reliably computed from the record, and a party is otherwise entitled to default judgment, a default judgment can be entered without a hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1991); *see generally* Fed. R. Civ. P. 55(b)(1) & (2).

Based on the allegations in Plaintiff's Complaint, which the court accepts as true, as well as the declarations submitted in support of Plaintiff's Request, the court determines that Defendants

are liable to Plaintiff pursuant to PACA for the principal amount of $31,285.01. Accordingly, the court will grant Plaintiff's request for this principal payment.

With respect to prejudgment interest, however, there is no term on the invoices between the parties calling for the payment of prejudgment interest. Despite the lack of a term for prejudgment interest, however, the court has reviewed the applicable law and determines that although the Fifth Circuit has not explicitly so held, the decision whether to award prejudgment interest to PACA claimants is within its discretion: "[A] district court may award reasonable prejudgment interest to PACA claimants if such an award is necessary to protect the interests of PACA claimants, and that such an award absent contract is discretionary." *Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1226 (9th Cir. 2002); *see also Endico Potatotes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1071-72 (2d Cir. 1995). The court finds that awarding prejudgment interest is warranted because it furthers the purposes of the statute and provides an incentive for prompt payment to suppliers. Accordingly, the court determines that Plaintiff is entitled to receive prejudgment interest at the Texas statutory rate of 6% per annum.

**B. Attorney's Fees and Costs**

Plaintiff also seeks attorney's fees of $1,675 and costs of $370.84. In support of this request, it cites Texas Civil Practice and Remedies Code section 38.001 and *Middle Mountain*. The court has reviewed this authority and the evidence submitted by Plaintiff and finds that it did not include a term for attorney's fees with its invoices sent to Defendants.

In this case, there is no evidence of presentment pursuant to section 38.002 of the Texas Civil Practice and Remedies Code. Further, the court has held in previous PACA cases that attorney's fees should not be awarded unless the parties contracted for such fees. In this circuit, one district

court held that although PACA claims for attorney's fees based upon a specific contract provision are recoverable from a PACA trust, those attorney's fees claims made pursuant to section 38.001 are not. *Ruby Robinson Co. v. Kalil Fresh Marketing, Inc.*, 2009 WL 3378419, *3 (S.D. Tex. Oct. 15, 2009). That court noted:

> Contractually negotiated attorneys' fees are part of a [PACA] claimant's claim and are "sums owing in connection with" a PACA-covered transaction. Fees awarded under the Texas Civil Practice and Remedies Code are not. Rather, they are awarded pursuant to state law in connection with a lawsuit, not in connection with the transaction. The claimants in this case seek an award from a trust fund created under federal law. While claimants may have valid state-law causes of action for breach of contract, a claim to PACA funds must be made through PACA, which does not allow for attorney's fees as such.

*Id*. This result is consistent with the legislative history and purposes behind the statute even if some suppliers have a PACA claim for attorney's fees while others do not. In the case cited by Plaintiff, the Ninth Circuit considered this possible inequity and rejected it as a basis to allow non-contractual attorney's fees as PACA claims: "PACA protects all that is due and owing in connection with the perishable agricultural commodity transaction. If one particular supplier . . . gained a contractual right greater than that negotiated by others, then it is not unfair for such a supplier to gain the benefit of its superior foresight or industry." *Middle Mountain*, 307 F.3d at 1224.

Because the evidence submitted by Plaintiff does not establish that the parties had contracted for the recovery of attorney's fees and costs, the court will not award them pursuant to PACA or section 38.001 of the Texas Civil Practice and Remedies Code. The court therefore denies Plaintiff's request for attorney's fees and costs.

### C. Postjudgment Interest

Finally, the court considers Plaintiff's request for postjudgment interest at the rate of 6% per annum. The court will award Plaintiff postjudgment interest, but it is only entitled to interest at the applicable federal rate rather than the Texas statutory rate applicable to prejudgment interest. 28 U.S.C. § 1961. Accordingly, the court will award Plaintiff postjudgment interest at the applicable federal rate.

## III. Conclusion

For the reasons stated herein, the court **grants in part** and **denies in part** Plaintiff's Request for Entry of Default Judgment Against Defendants. Accordingly, the court hereby orders that default judgment be entered for Plaintiff May Produce Co., Inc., against Defendants East West Imports, Inc. d/b/a May Hua Supermarket, May Hua Supermarket, Inc. d/b/a May Hua Supermarket, May Hua Foods LLC, Interurban Investments, Inc., Nancy Chao, Johnnie J. Joe, and Peter Diep. Plaintiff is entitled to recover the principal amount of $31,285.01, prejudgment interest at the rate of 6% per annum, and postjudgment interest at the applicable federal rate. The court hereby **directs** Plaintiff to file a proposed default judgment by **12:00 noon** on **December 22, 2009**, including the amount of prejudgment interest owed to Plaintiff running through that date. In accordance with Rule 58 of the Federal Rules of Civil Procedure, the court will issue judgment by a separate document when it receives the proposed judgment on December 22, 2009.

**It is so ordered** this 15th day of December, 2009.

Sam A. Lindsay
United States District Judge